ARTHUR ALARCÓN, Circuit Judge,
dissenting.
I respectfully dissent. I do not agree with my colleagues that the district court erred in concluding that Appellants failed to present sufficient evidence demonstrating that there are genuine issues of fact in dispute regarding whether CMU’s state court action based on Kathleen Benison’s breach of her contract to teach a full year following her sabbatical leave was filed in retaliation for her husband Christopher Benison’s successful sponsorship of a vote of no confidence in the president or provost of CMU. I also disagree that the evidence presented by Appellants was sufficient to demonstrate that CMU’s hold on Christopher Benison’s transcript was a retaliatory act for his exercise of his First Amendment rights.
I
The dispositive facts are not in dispute.
Christopher Benison sponsored the resolution of a vote of no confidence in De *666 cember 2011. Kathleen Benison violated her contract with CMU to serve for at least year after returning from her sabbatical leave by accepting an appointment at a different university in late May of 2012.
I agree with the majority that the presumption of temporal proximity to demonstrate retaliation is inapplicable in this matter because the state court action to seek repayment was filed approximately seven months after Christopher Benison sponsored the no-confidence resolution.
II
Appellants contend that a jury could reasonably infer that the filing of an action by CMU for Kathleen Benison’s breach of contract was retaliatory because the university had never before filed a lawsuit against a professor who violated a contractual duty to return following a sabbatical leave. This argument is a classic example of the logical fallacy of post hoe ergo prop-ter hoc, i.e., “after this, therefore because of this.” Black’s Law Dictionary 1355 (10th ed. 2014) (“The logical fallacy of assuming that a causal relationship exists when acts or events are merely sequential.”).
The record shows that hundreds of professors at CMU have taken sabbaticals over the last 10-15 years. During that time only four professors aside from Kathleen Benison have not returned to CMU following their leave, and failed to repay the compensation for the sabbatical leave. The evidence presented by CMU showed that three of the professors were not required to repay their sabbatical compensation because they resigned for family or family medical reasons, negotiated a waiver before resigning, or resided outside of the United States and were judgment-proof. There is no evidence in the record to demonstrate that CMU did not have an appropriate business reason not to file an action against any professor who deliberately breach his or her sabbatical leave contract.
Ill
I cannot agree with the majority’s conclusion that the fact that CMU may have previously waived the obligation of one professor to repay his sabbatical obligation demonstrates that a rational trier of fact could draw a plausible inference that the filing of the state court action was retaliatory.
Appellants have failed to present any evidence to demonstrate that the filing of a state court action against Kathleen Beni-son for breaching her sabbatical leave contract and the placing of a hold on her husband’s academic transcript demonstrates that there is a genuine issue of fact in dispute regarding whether these acts were taken by CMU to retaliate for Christopher Benison’s exercise of his First Amendment rights. Accordingly, I would affirm the district court’s judgment granting Appellees’ motion for summary judgment.